IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACUITY BRANDS LIGHTING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ULTRAVISION TECHNOLOGIES, LLC, <br><br> Defendant. | Civil Action No. 19-2207-MN <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Acuity Brands Lighting, Inc. ("Acuity"), files this First Amended Complaint for Declaratory Judgment ("Complaint") against Defendant Ultravision Technologies, LLC ("Defendant" or "Ultravision"). Acuity seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that Acuity does not infringe United States Patent Nos. 8,870,410 (the "'410 Patent"), 8,870,413 (the "'413 Patent"), and 10,223,946 (the "'946 Patent") (collectively, the "Patents-in-Suit").

**PARTIES**

1. Plaintiff Acuity is a Delaware limited liability company with its principal place of business at 1170 Peachtree Street, NE, Atlanta, GA 30309.

2. Ultravision is a Delaware limited liability company with a purported principal place of business at 4543 McEwen Road, Dallas, Texas 75244.

**BACKGROUND STATEMENT**

3. Ultravision is in the business of asserting patent infringement claims.

4. Ultravision originally filed a lawsuit against Holophane Europe Limited ("Holophane Europe") in the Eastern District of Texas on August 26, 2019. *See Ultravision*

*Technologies, LLC v. Holophane Europe Limited,* No. 2:19-cv-00289 (E.D. Tex.) (the "Texas Action"). The Original Complaint filed in the Texas Action is attached hereto as Exhibit 1.

5. On November 27, 2019, Holophane Europe moved to dismiss the Texas Action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

6. On December 18, 2019, Ultravision filed a First Amended Complaint in response to the Motion to Dismiss, adding Acuity Brands Lighting De Mexico S DE RL DE CV ("Acuity Mexico"), Holophane S.A. De C.V. ("Holophane S.A."), and Arizona (Tianjin) Electronics Products Trade Co., LTD. ("Arizona (Tianjin)") as defendants (collectively "Texas Action defendants"). The First Amended Complaint in the Texas Action is attached hereto as Exhibit 2.

7. In the Original Complaint for the Texas Action, Ultravision alleges infringement based on Holophane Europe's alleged making, using, offering for sale or selling LED lighting to customers in Texas, or imported LED lighting into the United States to Texas. The products identified in Ultravision's Original Complaint include the Sign-Vue II, HMAO LED III, and Mongoose LED products.

8. In the First Amended Complaint for the Texas Action, Ultravision alleges infringement based on the Texas Action defendants' alleged making, using, offering for sale or selling LED lighting to customers in Texas, or imported LED lighting into the United States to Texas. The products identified in Ultravision's First Amended Complaint include the Sign-Vue II, Mongoose LED, KAX (KAX1 and KAX2), and RSX (RSX2 and RSX3) products ("Accused Products").

9. Ultravision identifies certain YouTube links in the First Amended Complaint for the Texas Action as allegedly showing support that the Texas Action defendants have committed acts of infringement in the State of Texas by making, using, offer to sell, and/or selling

2

infringing products in the State of Texas and/or importing infringing products in the State of Texas. *See* Exhibit 2 at ¶10. The YouTube links identified by Ultravision were posted by Acuity and they each describe product installations of Acuity products in Texas.

10. Ultravision identifies certain links to webpages identifying and describing the Accused Products in the First Amended Complaint for the Texas Action as alleged support for Ultravision's infringement claims against the Texas Action defendants. *See* Exhibit 2 at ¶¶ 26-29. However, the identified webpages are webpages located at the acuitybrands.com domain (and holophane.acuitybrands.com sub-domain) that identify and describe products offered for sale in the United States by Acuity Brands Lighting, Inc., rather than the Texas Action defendants.

11. The Accused Products are used, offered for sale, and sold in the United States by Acuity, and not by any of the Texas Action defendants.

12. Holophane Europe is a United Kingdom-based subsidiary of Acuity Brands Lighting, Inc., and its only business is offering to sell and selling Acuity Brands Lighting products in Europe.

13. Acuity Mexico is a Mexican subsidiary of Acuity. Acuity Mexico is a maquiladora entity that manufactures and assembles lighting fixtures, among other products in Mexico. The finished, manufactured and assembled goods are sold to Acuity. Acuity is the importer of record for all goods that are sourced from Acuity Mexico and shipped to the United States.

14. Holophane S.A. is a Mexican subsidiary of Acuity. Holophane S.A.'s sole business is offering for sale and selling Acuity products in Mexico. Holophane S.A. does not manufacture any products.

---

**Deleted:** .

**Deleted:** <#>On November 27, 2019, Holophane Europe moved to dismiss the Texas Action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).¶

15. In or around May 2018, Acuity acquired Arizona Trading Company, Ltd., a Hong Kong Holding entity with no employees. Arizona (Tianjin) is a wholly-owned subsidiary of Arizona Trading Company, Ltd. Arizona (Tianjin) sells goods manufactured in Tianjin, China to Acuity. Acuity is the importer of record for all goods that are sourced from Arizona (Tianjin) and shipped to the United States. Arizona (Tianjin) does not manufacture the Accused Products.

16. Acuity brings this Declaratory Judgment action in the present jurisdiction because there is an actual justiciable controversy between it and Ultravision based on the allegations of infringement arising out of the making, using, offering for sale and sale of certain Acuity products in the United States. While Ultravision alleges that the infringing activity is undertaken by the Texas Action defendants, which are wholly owned, foreign subsidiaries of Acuity, the alleged activity at issue in the Texas Action is activity by Acuity and not the Texas Action defendants. Ultravision's Original Complaint and First Amended Complaint use information specifically identifying Acuity products as support for infringement against the Texas Action defendants. The Acuity products identified by Ultravision in the Texas Action are listed as the Accused Products for infringement of the Patents-in-Suit. Thus, a substantial controversy exists between Acuity and Ultravision.

> Deleted: against Holophane Europe, a wholly owned, foreign subsidiary of Acuity, made in the Texas Action and because Delaware, unlike Texas, is the appropriate forum to determine issues of infringement with respect to Acuity's sale of the Accused Products.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over Acuity's request for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., which are within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a).

18. The Texas Action filed by Ultravision against the Texas Action defendants alleges infringement of the Patents-in-Suit by, among other things, making, using, offering for sale or selling LED lighting to customers in Texas, or importing LED lighting into the United

> Deleted: Holophane Europe

States to Texas. Thus, the allegations made by Ultravision in the Texas Action arise to an actual and justiciable controversy between Acuity and Ultravision as to the non-infringement of the Patents-in-Suit because the allegedly infringing activity is that of Acuity and not the Texas Action defendants, which are wholly owned, foreign subsidiaries of Acuity, and Acuity is the entity that actually sells the Accused Products identified by Ultravision in the United States.

19. Ultravision's infringement allegations threaten actual and imminent injury to Acuity that can be redressed by judicial relief, and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of non-infringement, Ultravision's continued wrongful assertions of infringement related to the alleged making, using, offering for sale or selling the Accused Products will cause Acuity harm.

20. Ultravision is subject to general personal jurisdiction in this judicial district based upon its purposeful, systematic, and continuous contacts with Delaware, including its formation under the laws of Delaware, and maintaining a registered agent in this judicial district.

21. Venue is proper in this Court under 28 U.S.C. § 1391 because Ultravision resides in this judicial district and because Ultravision is subject to personal jurisdiction within this judicial district.

**FACTUAL BACKGROUND**

22. Acuity is the North American market leader and one of the world's leading providers of lighting and building management solutions. Acuity's lighting and building management solutions vary from individual devices to intelligent network systems. Individual devices include luminaires, lighting controls, lighting components, controllers for various building systems (including HVAC, lighting, shades and access control), power supplies, and prismatic skylights. Acuity maintains several foreign subsidiary corporations that service international markets outside of the United States.

5

23. Holophane Europe is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business located at Bond Avenue, Bletchley, Milton Keynes, Buckinghamshire, MK1 1JF, United Kingdom. Holophane Europe does not design, manufacture, use, offer to sell, sell or import any products into the United States.

24. Acuity Mexico is a corporation organized, incorporated and existing under the laws of Mexico, with its principal place of business located at La Silla 7711, Parque, Industrial La Silla, 67190 Guadalupe, N.L., Mexico. Acuity Mexico conducts business in Mexico as a subsidiary corporation of Acuity. Acuity Mexico is a maquiladora entity that manufactures and assembles lighting fixtures and poles. The finished, manufactured and assembled goods are sold to Acuity. Acuity is the importer of record for all goods that are sourced from Acuity Mexico and shipped to the United States.

25. Holophane S.A. is a corporation organized, incorporated and existing under the laws of Mexico, with its principal place of business located at Jaime Balmes No. 8, Polanco, Polanco Secc, Miguel Hidalgo, 11510 Ciudad de México, CDMX, Mexico. Holophane S.A. only conducts business in Mexico as a subsidiary corporation of Acuity. Holophane S.A.'s business focuses on the sale of Acuity products in Mexico. Holophane S.A. does not manufacture any products.

26. Arizona (Tianjin) is a corporation organized, incorporated and existing under the laws of China, with its principal place of business located at 12-1-501 Li Gang Park Shuangang Industrial Area, Tianjin 300050, China. In or around May 2018, Acuity acquired Arizona Trading Company, Ltd., a Hong Kong Holding entity with no employees. Arizona (Tianjin) is a wholly-owned subsidiary of Arizona Trading Company, Ltd. Arizona (Tianjin) sells goods manufactured in Tianjin, China to Acuity. Acuity is the importer of record for all goods that are

sourced from Arizona (Tianjin) and shipped to the United States. Arizona (Tianjin) does not manufacture the Accused Products.

27. Ultravision purports to be the owner of the '410 Patent. The '410 Patent is entitled "Optical Panel for LED Light Source" and issued on October 28, 2014. A copy of the '410 Patent is attached as Exhibit 3.

28. Ultravision alleges in the Texas Action that the Texas Action defendants infringe at least claim 15 of the '410 patent by making, using, offering to sell, and/or selling within the United States and/or importing into the United States LED products, such as the Sign-Vue LED II product. The Sign-Vue LED II product is manufactured, used, offered for sale, and/or sold within the United States and/or imported into the United States by Acuity and not the Texas Action defendants.

29. Ultravision purports to be the owner of the '413 Patent. The '413 Patent is entitled "Optical Panel for LED Light Source" and issued on October 28, 2014. A copy of the '413 Patent is attached as Exhibit 4.

30. Ultravision alleges in the Texas Action that the Texas Action defendants infringe at least claim 16 of the '413 Patent by making, using, offering to sell, and/or selling within the United States and/or importing into the United States LED products, such as the Sign-Vue LED II product. The Sign-Vue LED II product is manufactured, used, offered for sale, and/or sold within the United States and/or imported into the United States by Acuity and not the Texas Action defendants.

31. Ultravision purports to be the owner of the '946 Patent. The '946 Patent is entitled "Lighting Device with Transparent Substrate, Heat Sink and LED Array for Uniform

7

Illumination Regardless of Number of Functional LEDs" and issued on March 5, 2019. A copy of the '946 Patent is attached as Exhibit 5.

    32.    Ultravision alleges in the Texas Action that the Texas Action defendants infringe at least claim 1 of the '946 Patent by making, using, offering to sell, and/or selling within the United States and/or importing into the United States LED products, such as the Mongoose LED, KAX, and RSX products. The Mongoose LED, KAX, and RSX products are manufactured, used, offered for sale, and/or sold within the United States and/or imported into the United States by Acuity and not the Texas Action defendants.

**COUNT I**
**Declaratory Judgment of Non-Infringement of the '410 Patent**

    33.    Acuity incorporates the foregoing paragraphs by reference as though set forth fully herein.

    34.    No claim of the '410 Patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Acuity's alleged use, sale, offer for sale and/or importing of LED lighting.

    35.    Acuity has never manufactured, used, imported, offered for sale and/or sold in the United States any products or services which infringe the '410 Patent. By way of example, the accused Sign-Vue LED II product, does not include (1) an acrylic material substrate comprising a plurality of optical elements; (2) directing light from each LED by the acrylic substrate across the entire area of a display surface; and (3) illuminating the entire surface with a substantially equal level of illumination from each LED, as required by the alleged infringing claims of the '410 Patent.

    36.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Ultravision and Acuity to

Margin comments (tracked changes):
- Deleted: 4
- Deleted: Holophane Europe infringes
- Deleted: product.
- Deleted: product is

8

warrant the issuance of a declaratory judgment that Acuity's alleged making, using, offering to sell, and/or selling within the United States and/or importing into the United States LED products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '410 Patent.

COUNT II
**Declaratory Judgment of Non-Infringement of the '413 Patent**

37.  Acuity incorporates the foregoing paragraphs by reference as though set forth fully herein.

38.  No claim of the '413 Patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Acuity's alleged use, sale, offer for sale and/or importing of LED lighting.

39.  Acuity has never manufactured, used, imported, offered for sale and/or sold in the United States any products or services which infringe the '413 Patent. By way of example, the accused Sign-Vue LED II product, does not include (1) a plurality of optical elements configured to direct light from each LED across the entire display surface; and (2) a ratio of the average illumination from that LED across the entire display surface to the minimum illumination from that LED at any point on the display surface is 3:1, as required by the alleged infringing claims of the '413 Patent.

40.  As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Ultravision and Acuity to warrant the issuance of a declaratory judgment that Acuity's alleged making, using, offering to sell, and/or selling within the United States and/or importing into the United States LED products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '413 Patent.

Deleted: HMAO
Deleted: III
Deleted: LEDs directed toward

**COUNT III**
**Declaratory Judgment of Non-Infringement of the '946 Patent**

41.     Acuity incorporates the foregoing paragraphs by reference as though set forth fully herein.

42.     No claim of the '946 Patent has been or is infringed, either directly or indirectly, literally or under the doctrine of equivalents, by Acuity's alleged use, sale, offer for sale and/or importing of LED lighting.

43.     Acuity has never manufactured, used, imported, offered for sale and/or sold in the United States any products or services which infringe the '946 Patent. By way of example, the accused Mongoose LED, KAX, and RSX products, do not include (1) a single transparent substrate overlying all LEDs attached to the circuit board; and/or (2) a plurality of convex optical elements, as required by the alleged infringing claims of the '946 Patent.

[Deleted: product, does]

44.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Ultravision and Acuity to warrant the issuance of a declaratory judgment that Acuity's alleged making, using, offering to sell, and/or selling within the United States and/or importing into the United States LED products, have not infringed, and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '946 Patent.

**JURY DEMAND**

Acuity demands a trial by jury on all issues so triable.

**PRAYERS FOR RELIEF**

WHEREFORE, Acuity prays for:

a.      A declaration that Acuity's alleged manufacture, use, sale, offer for sale and/or import of LED products have not infringed and are not infringing, either directly

   or indirectly, any claim of the '410, '413, and '946 Patents;

b.  An order that Ultravision and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Acuity claiming that the '410, '413, and '946 Patents are infringed or from representing that Acuity's manufacture, use, sale, offer for sale and/or import LED products infringe the '410, '413, and '946 Patents;

c.  To the extent that Acuity is the prevailing party and it is determined that this is an exceptional case, a declaration that this case is exceptional and awarding Acuity its expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

d.  An award to Acuity of its costs; and

e.  Such other relief as this Court or a jury may deem proper and just under the circumstances.

Dated: January 7, 2020      **DUANE MORRIS LLP**

*OF COUNSEL:

            */s/ Richard L. Renck*

Matthew S. Yungwirth 1075   Richard L. Renck (#3893)
Glenn D. Richeson       222 Delaware Avenue, Suite 1600
DUANE MORRIS LLP     Wilmington, DE  19801
Peachtree Street, Suite 2000   Telephone:  (302) 657-4900
Atlanta, Georgia  30309     Facsimile:  (302) 657-4901
Telephone:  (404) 253.6900   rlrenck@duanemorris.com
Facsimile:  (404) 253.6901
msyungwirth@duanemorris.com  *Counsel for Plaintiff*
gdricheson@duanemorris.com   *Acuity Brands Lighting, Inc.*

\**pro hac vice* applications forthcoming

**Deleted:** **JURY DEMAND**¶
Acuity demands a trial by jury on all issues so triable.¶
¶

11