IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ACUITY BRANDS LIGHTING, INC.,

     Plaintiff/Counterclaim Defendant,

     vs.

ULTRAVISION TECHNOLOGIES, LLC,

     Defendant/Counterclaim Plaintiff.

Civil Action No. 19-2207-MN

**JURY TRIAL DEMANDED**

**SCHEDULING ORDER** [1]

This 28th day of July 2020, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.     Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within five (5) days of the date the Court enters this Order. If they

---

[1] In accordance with the Court's Oral Order of July 21, 2020 (D.I. 34), the only substantive alterations in this proposed order, as compared to the Court's form of order, is the addition of specific dates for events, the use of party names in certain places, changes to paragraph 11 that the parties do not believe are substantive changes to the ultimate submission of the Joint Claim Construction Chart but reflect the parties' agreement to a procedure for creating such a chart, changes to certain page limits in paragraph 12 related to claim construction briefing (which were discussed with the court on the recent teleconference and which do not alter the total number of pages of briefing contemplated by the Court's form scheduling order, and the changes to paragraphs 7, 8, and 14 as permitted by the referenced order.  In all other respects, this stipulated proposed order conforms to the Court's form of scheduling order for Non-ANDA Patent cases.

have not already done so, the parties are to review the Court's Default Standard for Discovery,

Including Discovery of Electronically Stored Information ("ESI"), which is posted at

http://www.ded.uscourts.gov (see Other Resources, Default Standard for Discovery) and is

incorporated herein by reference.

      2.      Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before July 30, 2020.  Unless

otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall

be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

      3.      Application to Court for Protective Order. Should counsel find it will be necessary

to apply to the Court for a protective order specifying terms and conditions for the disclosure of

confidential information, counsel should confer and attempt to reach an agreement on a proposed

form of order and submit it to the Court within ten (10) days from the date the Court enters this

Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must

follow the provisions of Paragraph 8(g) below.

      Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure
> of information in this case, the Court does not intend to preclude
> another court from finding that information may be relevant and
> subject to disclosure in another case. Any person or party subject to
> this order who becomes subject to a motion to disclose another
> party's information designated "confidential" [the parties should list
> any other level of designation, such as "highly confidential," which
> may be provided for in the protective order] pursuant to this order
> shall promptly notify that party of the motion so that the party may
> have an opportunity to appear and be heard on whether that
> information should be disclosed.

      4.      Papers Filed Under Seal. In accordance with section G of the Revised

Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version

of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5.  Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.  ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7.  Disclosures. Absent agreement among the parties, and approval of the Court:

(a)  By August 27, 2020, Ultravision shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent claim(s) that the accused product(s) allegedly infringe(s). Ultravision shall also produce the file history for each asserted patent.

(b)  By October 8, 2020, Acuity shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Acuity shall also produce sales figures for the accused product(s).

(c)  By November 12, 2020, Ultravision shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d)  By December 17, 2020, Acuity shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e)  On or before January 15, 2021, Ultravision shall narrow the previously asserted claims to a maximum of ten (10) claims per asserted patent.

(f)     On or before February 12, 2021, Acuity shall narrow the previously identified prior art invalidity arguments, under 35 U.S.C. §§ 102 or 103, to a maximum of twelve (12) arguments per asserted patent.  For the purposes of this Subsection, "argument" shall refer to a specific ground of anticipation or a specific obviousness combination.

(g)     Within twenty-one (21) days of the Court's order on Claim Construction, or by October 20, 2021, whichever is earlier, Ultravision shall narrow the previously asserted claims to a maximum of six (6) claims per asserted patent and provide final infringement contentions.

(h)     Within thirty (30) days of service of Ultravision's final infringement contentions pursuant to subsection (g), Acuity shall narrow the previously identified prior art invalidity arguments, under 35 U.S.C. §§ 102 or 103, to a maximum of eight (8) arguments per asserted patent and provide final invalidity contentions.

8.     Discovery. Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

(a)     Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before November 19, 2021.

(b)     Document Production. Document production shall be substantially complete by August 12, 2021.

(c)     Requests for Admission. A maximum of 30 requests for admission are permitted for each side. This limitation is not inclusive of requests for admission related to the authenticity or admissibility of documents or other evidence, and such requests shall be specifically so identified.

(d)     Interrogatories.

i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) Depositions.

i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of 90 hours of taking testimony by deposition upon oral examination.  Of these 90 hours, no more than 35 hours may be used for depositions of a party (under Rule 30(b)(6)) and its then current employees (under Rule 30(a)(1)).  These limitations do not include hours devoted to the depositions of expert witnesses, but does include hours devoted to third-party depositions.

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A party that becomes a counterclaimant, shall be considered as having filed an action in this Court.

iii. Expert Depositions: Depositions of expert witnesses are limited to 7 hours per witness per report.  For the sake of clarity, a "report" that covers the topic of infringement/non-infringement will be treated separately from a report covering the topic of invalidity/validity, even if the same expert offers opinions on both topics.

(f) Disclosure of Expert Testimony.

i.    Expert Reports. For the party who has the initial burden of proof on the subject matter (*i.e.*, infringement, invalidity, damages), the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before December 17, 2021. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before January 19, 2022. Reply expert reports from the party with the initial burden of proof are due on or before February 9, 2022.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.    Expert Report Supplementation. The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

iv.    Expert Discovery Cut Off. All expert discovery in this case shall be completed on or before March 9, 2022.

(g)    Discovery Matters and Disputes Relating to Protective Orders.

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.      Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

iii.      On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv.      The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

v.      Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9.      <u>Motions to Amend / Motions to Strike.</u>

(a)      Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

(b)      Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

10.      <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed, i.e. June 10, 2021.

11.      <u>Claim Construction Issue Identification.</u> On January 8, 2021, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction, and on February 9, 2021 the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed on March 11, 2021 **(two weeks prior to service of the opening claim construction brief)**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.      <u>Claim Construction Briefing.</u> Ultravision shall serve, but not file, its opening brief, not to exceed 30 pages, on March 25, 2021.  Acuity shall serve, but not file, their answering brief on all common claim construction issues, not to exceed 30 pages, on April 26, 2021.  Ultravision shall serve, but not file, its reply brief, not to exceed 10 pages, on May 12, 2021. Acuity shall serve, but not file, their sur-reply brief on all common claim construction issues, not to exceed 10 pages, on May 27, 2021.  No later than June 10, 2021, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Agreed-Upon Constructions

II.     Disputed Constructions

[TERM 1]

1.      Ultravision's Opening Position

2.      Acuity's Answering Position

3.      Ultravision's Reply Position

4.      Acuity's Sur-Reply Position

[TERM 2]

1.      Ultravision's Opening Position

2.      Acuity's Answering Position

3.      Ultravision's Reply Position

4.      Acuity's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction.  If

there are any materials that would be submitted in an index, the parties shall submit them in a Joint

Appendix.

13.     <u>Hearing on Claim Construction.</u> Beginning at **10:00 AM on June 29, 2021**, the

Court will hear argument on claim construction. The parties need not include any general

summaries of the law relating to claim construction in their presentations to the Court. The parties

shall notify the Court, by joint letter submission, no later than the date on which their joint claim

construction brief is filed (i) whether they request leave to present testimony at the hearing; and

(ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other

orders of the Court, the parties should anticipate that the Court will issue its claim construction

order within sixty days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing.

14.     <u>Supplementation.</u> Absent agreement among the parties, and approval of the Court, Ultravision must finally supplement the identification of all accused products no later than within twenty-one (21) days of the Court's order on Claim Construction, or by October 20, 2021, whichever     is     earlier,     and     Acuity     must     finally     supplement     the identification of all invalidity references no later than within thirty (30) days of receiving Ultravision's Final Infringement Contentions.

15.     <u>Case Dispositive Motions.</u>

(a)     All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 23, 2022.  Briefing will be presented pursuant to the Court's Local Rules.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b)     <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried.  Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis.  To the

extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment.  The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried.  Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis.  Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)      Page limits combined with Daubert motion page limits. Each party is permitted to file as many case dispositive motions as desired provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[2]

---

[2] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

16.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.     Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.     Pretrial Conference. On **August 15, 2022**, the Court will hold a pretrial conference in Court with counsel beginning at **2:00 PM**.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

19.      The parties shall provide the Court two (2) double-sided courtesy copies of the joint

proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a

table of contents.

20.      Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried

to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire,

(ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three

(3) business days before the final pretrial conference. This submission shall be accompanied by a

courtesy copy containing electronic files of these documents in Microsoft Word format, which

may be submitted by e-mail to mn_civil@ded.uscourts.gov.

19.      Trial. This case is scheduled for a **5-day** trial beginning at 9:30 a.m. on **August**

**22, 2022**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the

jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, and

counsel will be allocated a total number of hours in which to present their respective cases.

20.      Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a

jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order

to enter judgment on the verdict. At the same time, the parties shall submit a joint status report,

indicating among other things how the case should proceed and listing any post-trial motions each

party intends to file.

21.      Post-Trial Motions. Unless otherwise ordered by the Court, all **SIDES** are limited to

a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs

relating to any post-trial motions filed by that side, no matter how many such motions are filed.

                                              _____

                                              The Honorable Maryellen Noreika
                                              United States District Judge

**CASE SCHEDULE**

| EVENT | PARTIES' PROPOSED DEADLINE |
| --- | --- |
| Initial Disclosures | 5 days after entry of Scheduling Order |
| Joint Application to Court for Protective Order | 10 days after entry of Scheduling Order |
| Joint Application to Court for E-Discovery Order | 10 days after entry of Scheduling Order |
| Deadline to Join Parties and Amend Pleadings | July 30, 2020 |
| Ultravision's Identification of Accused Products and claims | August 27, 2020 |
| Acuity's Production of Core Technical Documents | October 8, 2020 |
| Ultravision's Initial Infringement Contentions | November 12, 2020 |
| Acuity's Initial Invalidity Contentions | December 17, 2020 |
| Exchange List of Claim Terms to be Construed | January 8, 2021 |
| Exchange list of proposed constructions | February 9, 2021 |
| Joint Claim Construction Chart | March 11, 2021 |
| Ultravision's Opening Claim Construction Brief | March 25, 2021 |
| Acuity's Response Claim Construction Brief | April 26, 2021 |
| Ultravision's Reply Claim Construction Brief | May 12, 2021 |
| Acuity's Sur-Reply Claim Construction Brief | May 27, 2021 |
| Joint Claim Construction Brief | June 10, 2021 |
| Technology Tutorial | June 10, 2021 |
| Claim Construction Hearing | June 29, 2021 at 10:00 AM |
| Ultravision's Final Infringement Contentions | Within twenty-one (21) days of the Court's order on Claim Construction, or by October 20, 2021, whichever is earlier |
| Ultravision's Final Identification of All Accused Products | Within twenty-one (21) days of the Court's order on Claim Construction, or by October 20, 2021, whichever is earlier |
| Substantial Completion of Document Production | August 12, 2021 |

| EVENT | PARTIES' PROPOSED DEADLINE |
|---|---|
| Acuity's Final Invalidity Contentions | Within thirty (30) days of receiving Ultravision's Final Infringement Contentions |
| Acuity's Final Identification of All Invalidity References | Within thirty (30) days of receiving Ultravision's Final Infringement Contentions |
| Fact Discovery Closes | November 19, 2021 |
| Opening Expert Reports | December 17, 2021 |
| Rebuttal Expert Reports | January 19, 2022 |
| Reply Expert Reports | February 9, 2022 |
| Expert Discovery Closes | March 9, 2022 |
| Case Dispositive Motions and *Daubert* Motions (Opening Briefs) | March 23, 2022 |
| Joint Proposed Final Pretrial Order | August 4, 2022 |
| Pretrial Conference | August 15, 2022 at 2:00 PM |
| Trial – 5-day Jury Trial | August 22, 2022 at 9:30 AM |