**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ACUITY BRANDS LIGHTING, INC.,

      Plaintiff/Counterclaim Defendant,

      vs.                                Civil Action No. 19-2207-MN

ULTRAVISION TECHNOLOGIES, LLC,

      Defendant/Counterclaim Plaintiff.

**PROTECTIVE ORDER GOVERNING THE DESIGNATION**
**AND HANDLING OF CONFIDENTIAL MATERIALS**

WHEREAS, Plaintiff Acuity Brands Lighting, Inc. and Defendant Ultravision, hereafter referred to as "the Parties,"[1] believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the

---

[1] "Parties" shall also include any other parties that are added to this Action and served with process in accordance with the Federal Rules of Civil Procedure.

Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designation "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential – Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY,"[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions,

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY", both individually and collectively.

extracts, digests and complete or partial summaries prepared from any DESIGNATED

MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under

this Order.

4.     A designation of Protected Material (*i.e.*, "CONFIDENTIAL" or "RESTRICTED

–ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional

production of documents, information or material that has not been designated as

DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for

confidential treatment. Any party that inadvertently or unintentionally produces Protected

Material without designating it as DESIGNATED MATERIAL may request destruction of that

Protected Material by notifying the recipient(s), as soon as reasonably possible after the

producing Party becomes aware of the inadvertent or unintentional disclosure, and providing

replacement Protected Material that is properly designated. The recipient(s) must treat the

Protected Material as Confidential Information, once the producing Party so notifies the

recipient(s).  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally

produced Protected Materials and any documents, information or material derived from or based

thereon.  If the recipient(s) has disclosed the Protected Materials before receiving the

designation, the recipient(s) must notify the producing Party in writing of each such disclosure

and shall also promptly take all reasonable measures to recover the Confidential Information

disclosed and to ensure that no further or greater unauthorized disclosure or use of such

Confidential Information is made by doing the following, without limitation, (i) promptly

informing the Unauthorized Person that the disclosed information contains Confidential

Information and of the provisions of this Protective Order; (ii) requesting that the Unauthorized

Person sign an undertaking in the form attached as Exhibit A (to be promptly provided to the

producing Party); and (iii) making best efforts to retrieve all copies of Confidential Information disclosed to the Unauthorized Person. The producing Party and the recipient(s) shall cooperate in good faith in this effort. The burden of any additional measures to recover the Confidential Information disclosed and to ensure that no further or greater unauthorized disclosure or use of such Confidential Information shall be borne by the producing Party. Counsel for the Parties shall confer regarding a mutually acceptable manner of labeling or marking the inadvertently produced Protected Materials.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 11 herein:

(a)      Outside counsel of record in this Action for the Parties.

(b)      Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)      Up to two (2) in-house counsel for each Party who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action who have completed the Undertaking attached as Appendix A hereto.  Either party may in good faith request the other party's consent to designate one or more additional representatives for the purposes of settlement only, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent

(d)     Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than any legal dispute between the Parties; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current *curriculum vitae* of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(e)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(f)     The Court (including any Court appointed mediators or advisors) and its personnel.

6.      A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, including but not limited to certain technical, sales, financial planning, budgeting, forecasting, and other financial information, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY."

9.      For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a)–(c) and (d)–(f).

10.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY (*i.e.* "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. However, nothing in this Order precludes persons with access to HIGHLY SENSITIVE MATERIAL from participating in *inter partes* review proceedings, re-examinations, interference proceedings, or covered business method reviews before the U.S. Patent and Trademark Office ("USPTO"), provided that any person who reviews, in whole or in part, the contents of HIGHLY SENSITIVE MATERIAL produced by another Party may not advise, consult, or participate in the drafting of amended or substitute claims in the proceeding, and, will not use any of the Producing Party's Protected Material in the proceeding. Additionally, no person who accesses HIGHLY SENSITIVE MATERIAL may participate or assist in the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, pertaining to the field of the invention of the patents-in-suit on behalf of Ultravision, LLC during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons who obtain, receive, or otherwise learn of HIGHLY SENSITIVE MATERIAL and any individuals who, on

behalf of the Party, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

11.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

12.     Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), no draft expert reports, notes, outlines, or disclosures leading up to a final expert report are discoverable in whatever form. In addition, where a Party retains independent consultants or experts to further technical or consulting services or to give testimony with respect to the subject matter of this action, the following materials will be deemed to be privileged materials or materials otherwise protected

from production based on a claim of privilege (attorney-client, work product, or other privilege) and thus not discoverable:

    (a)    Correspondence between such independent consultants or experts and a party or its outside counsel.

    (b)    Drafts of expert reports, declarations, or any other materials drafted by or for such independent consultants or experts regarding the subject matter of this action.

    (c)    Communications between such independent consultants and experts and a party or its outside counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to preparation to testify at a hearing, trial, or deposition in this action.

Such protections provided herein are to be construed to be in addition to, and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)–(4). Nothing herein, however, limits the rights of Parties to examine an expert or consultant concerning the information he or she relied upon in forming his or her opinions, which information shall not be privileged.

    13.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

    14.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the

designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED – ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit

thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each person identified in Sections 5(b)–(f) to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and each person identified in Sections 5(c)–(e) shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that discovery or testimony is taken of Third Parties, the Third

Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES

ONLY" any documents, information or other material, in whole or in part, produced or given by

such Third Parties. The Third Parties shall have ten (10) days after production of such

documents, information or other materials to make such a designation. Until that time period

lapses or until such a designation has been made, whichever occurs sooner, all documents,

information or other material so produced or given shall be treated as "RESTRICTED –

ATTORNEYS' EYES ONLY" in accordance with this Order.

21.     To the extent that any discovery is taken of persons who are not Parties to this

Action ("Third Parties") and in the event that such Third Parties contended the discovery sought

involves trade secrets, confidential business information, or other proprietary information, then

such Third Parties may agree to be bound by this Order.

22.     Within thirty (30) days of final termination of this Action, including any appeals,

all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries,

descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into

any privileged memoranda of the Parties and materials which have been admitted into evidence

in this Action), shall at the producing Party's election either be returned to the producing Party or

be destroyed, except that outside counsel for each Party may maintain for its files one copy of

each pleading filed with the Court, each deposition transcript together with the exhibits marked

at the deposition, one copy of each piece of correspondence, one copy of all expert reports, and

one copy of all discovery responses which contain or refer to DESIGNATED MATERIAL. The

receiving Party shall verify the return or destruction by affidavit furnished to the producing

Party, upon the producing Party's request.

23.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or

entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28.    Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL", "RESTRICTED – ATTORNEYS' EYES ONLY", and/or "HIGHLY SENSITIVE MATERIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**DUANE MORRIS LLP**

/s/ Richard L. Renck
Richard L. Renck (No. 3893) 222
Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
(302) 657-4906
rlrenck@duanemorris.com

OF COUNSEL:

Matthew S. Yungwirth
Glenn D. Richeson
**DUANE MORRIS LLP**
1075 Peachtree Street, Suite 2000
Atlanta, Georgia  30309
(404) 253.6900
msyungwirth@duanemorris.com
gdricheson@duanemorris.com

*Counsel for Plaintiff and
Counterclaim Defendant Acuity
Brands Lighting, Inc.*

**BAYARD, P.A**

/s/ Stephen B. Brauerman
Stephen B. Brauerman (No. 4952)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com

Alfred R. Fabricant
Joseph M. Mercadante
Daniel J. Shea
**FABRICANT LLP**
230 Park Avenue, 3rd Floor W.
New York, New York 10169
(212) 257-5797
afabricant@fabricantllp.com
jmercadante@fabricantllp.com
dshea@fabricantllp.com

*Counsel for Defendant and Counterclaim
Plaintiff Ultravision Technologies, LLC*

SO ORDERED, this 11th day of ____August_____, 2020.


_____
The Honorable Maryellen Noreika
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ACUITY BRANDS LIGHTING, INC., | |
| Plaintiff/Counterclaim Defendant, | |
| vs. | Civil Action No. 19-2207-MN |
| | **JURY TRIAL DEMANDED** |
| ULTRAVISION TECHNOLOGIES, LLC, | |
| Defendant/Counterclaim Plaintiff. | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
<u>**REGARDING PROTECTIVE ORDER**</u>

I, _____,

declare that:

1.      My address is _____.

My current employer is _____.

My current occupation is _____.

2.      I have received a copy of the Protective Order in this action. I have carefully read

and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order. I will hold in

confidence, will not disclose to anyone not qualified under the Protective Order, and will use

only for purposes of this action any information designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature: _____


Date:      _____